. Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

'09 DEC 31 PM 1: 55

CLERK OF COURT
BY: _____

IN THE SUPERIOR COURT OF GUAM

JESSICA M. CASTRO,

Plaintiff,

v.

MARK CHRISTOPHER JENKINS,
CARS UNLIMITED, INC.,
CHUNG KUO INSURANCE CO., LTD.,

Defendants.

CIVIL CASE NO. CV0075-05

DECISION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

## INTRODUCTION

This matter came before the Court on October 19, 2009 on the Defendant's Motion to Dismiss for Failure to Prosecute filed on March 7, 2008. Attorney William L. Gavras represented the Plaintiff and attorney Thomas Sterling represented the Defendants, Cars Unlimited, Inc., and Chung Kuo Insurance Co., Ltd. Defendant Mark Christopher Jenkins is not represented by counsel. After reading the briefs and hearing the arguments of both parties, the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

This case arises out of the Plaintiff's complaint for breach of contract and recovery of personal injury damages following an automobile accident. On November 1, 2003, Defendant Mark Christopher Jenkins's car collided with Plaintiff Jessica Castro's car causing her to sustain injuries. The same collision injured four other individuals as well as resulting in one fatality. The negligence of the Defendant in proximately causing the accident was not disputed and on June 14, 2004, Chung Kuo Insurance made a joint settlement offer to the Plaintiff and the five other

-1-

injured parties. The joint settlement offer, contingent upon the acceptance of all six claimants, was rejected by everyone except the Plaintiff.

On January 19, 2005, the Plaintiff filed a Complaint for Damages for Negligence; Direct Action Damages; Breach of Contract; and Demand for Jury Trial against Jenkins and Co-Defendants *Cars Unlimited, Inc.* and *Chung Kuo Insurance Company.* Defendants Cars Unlimited and Chung Kuo Insurance were duly served and timely replied to Plaintiff's Complaint. Defendant Mark Christopher Jenkins was not served as he was, and currently still is, in prison on an unrelated conviction. Following an At-Issue Memorandum from the Plaintiff on April 18, 2005, a scheduling conference was set for December 21, 2005. This conference was postponed until January 11, 2006, where a second status hearing was scheduled for September 12, 2006. The September hearing was attended by counsel for the Defendants, but counsel for the Plaintiff was not present.

Seventeen months later, on February 25, 2008, Plaintiff filed a request for status hearing. On March 7, 2008 the Defendants countered by filing a Motion to Dismiss for Failure to Prosecute. In their motion, the Defendants argue that the Plaintiff's failure to timely prosecute her case burdens the court's docket and creates a risk of prejudice for Defendants should they be forced to continue to proceed on the almost six year old cause of action. The Plaintiff's opposition to the motion, filed in October of 2008, argues that much of the delay in prosecuting the case can be attributed to the actions of the Defendants, not the Plaintiff. On December 1, 2008, Judge Arthur R. Barcinas recused himself from this case and the case was reassigned to this Court.

## DISCUSSION

On a motion to dismiss for failure to prosecute, the plaintiff bears the burden of proving that the delay was reasonable. The Plaintiff argues that much of the delay in prosecuting the case

can be attributed to the Defendants, but offers little evidence in support of this assertion. Additionally, Plaintiff fails to explain why she waited 17 months between her last scheduled court appearance and her February 25, 2008 request for a new status hearing. While Plaintiff argues that the Defendants failed to take certain actions to move the case forward, it is the Plaintiff that bears the burden of completing the prosecution that was commenced upon her initial complaint.

The Supreme Court of Guam set forth five factors for determining whether sanctions are appropriate for a failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Santos v. Carney*, 1997 Guam 4 at ¶ 5. The Plaintiff bears the burden of showing that the delay is reasonable and that the Defendant is not prejudiced by the delay. *Id.* Only if there is a reasonable excuse for the inaction, does the burden shift to the defendant who must then demonstrate prejudice. *Id.*

In the case at hand, the Plaintiff's failure to timely prosecute her case has created a risk of prejudice to the Defendants. Because more than six years have passed since the automobile accident occurred, eyewitness memories of the event may be faulty. Similarly, the Plaintiff has neither served nor deposed the tortfeasor, Mark Christopher Jenkins. While the court favors determining a case on its merits, this policy "should not be used defensively as a shield" by the Plaintiff. *Santos v. Carney*, 1997 Guam 4 at ¶ 9. Finally, while less drastic sanctions may be available, the Plaintiff has failed to meet the burden of demonstrating that her delay in prosecution was reasonable.

**CONCLUSION**

Based on the foregoing, the Defendant's Motion to Dismiss for Failure to Prosecute is hereby GRANTED.

Dated this 31st day of December, 2009.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

DEC 31 2009

Domingo M. Nege
Deputy Clerk, Superior Court of Guam

-4-